C. J. GRIFFIN, Administrator et al.,
Appellants,

v.

Charles A. HELFRICH et al., Appellees.

No. 3531.

Court of Civil Appeals of Texas.

Waco.

April 11, 1958.

Leake, Henry, Golden & Burrow, Dallas, for appellants.

Alton King, Palestine, Roger Fruin, Paris, Ill., for appellees.

McDONALD, Chief Justice.

This is a trespass to try title suit involving ½ of the minerals under a 50 acre tract of land in Leon County. Parties will be referred to as in the trial court. Plaintiffs are the sons and heirs of J. A. Helfrich, who is deceased; and defendants

are the heirs and administrators of George W. Walker, who is deceased.

Plaintiffs alleged that George W. Walker obtained the mineral deed to the 50 acres of land in Leon County from W. M. Gore and wife on 19 April 1922 for $100; that Walker thereafter sold the mineral deed to J. A. Helfrich on *26 July 1922* for $1,000; that J. A. Helfrich had the deed from Gore and wife to Walker and the transfer from Walker to Helfrich recorded in the Deed Records of Leon County in August of 1922; that in 1939 the validity of the conveyance from Gore and wife to Walker was questioned as being a forgery by W. D. Recknor, a subsequent grantee of Gore and wife; that Recknor filed suit in Leon County against Walker and Helfrich; that Walker in such trial judicially admitted and personally testified that he had sold all of his interest in the minerals of the land in controversy to Helfrich; and that defendants as heirs of Walker are estopped from denying the sufficiency of the sale and transfer from Walker to Helfrich. In the foregoing cause, Helfrich had cross-acted against Walker for the $1,000 he paid him for the mineral deed in the event it was determined to be a forgery. The foregoing cause was tried to a jury, which determined that the deed from Gore and wife to Walker was not a forgery. Judgment was entered that Recknor take nothing. The judgment further provided that Helfrich take nothing on his cross-action for the $1,000 (since the cross-action for the $1,000 was only in the event that the mineral deed for which he paid the $1,000 should be determined a forgery and fail).

Plaintiffs further plead that there was some $5,700, accumulated from oil and gas runs on the property which was being held by the Lone Star Producing Company, which belongs to plaintiffs, but was being withheld from them because of the cloud cast on plaintiffs' title by defendants.

Trial was before the court without a jury, which rendered judgment for plain-tiffs for title and possession to the land involved. Defendants appeal, contending: 1) Plaintiffs fail to establish a chain of title into themselves; 2) the trial court erred in admitting plaintiffs' Exhibit 2, which was the transfer of the royalty deed from Walker to Helfrich; 3) the royalty deed from Gore and wife to Walker could not be incorporated by reference into the transfer from Walker to Helfrich as it was not referred to with certainty; 4) the take nothing judgment in the 1939 case is res judicata of any interest of plaintiffs in the land; 5) plaintiffs' cause of action was barred by laches; 6) the trial court erred in refusing to admit certain evidence.

The trial court, upon request, filed Findings of Fact and Conclusions of Law, pertinent portions of which follow:

### Findings of Fact

1. W. M. Gore and wife are the common source of title.

2. George W. Walker is the same person as Geo. W. Walker who is named as grantee in the royalty deed dated 19 April 1922 from W. M. Gore and wife, and recorded in Vol. 59, pages 355, 356, Deed Records of Leon County, Texas.

3, 4, 5, 6 and 7. George W. Walker is dead and the defendants herein are his children, heirs, and legal representatives.

8. J. A. Helfrich is the same as J. A. Helfrick, grantee in conveyance and transfer dated *26 July 1922* from Geo. W. Walker, and recorded in Vol. 59, page 355 of the Deed Records of Leon County, Texas.

9, 10 and 11. J. A. Helfrich is dead and plaintiffs herein are his sole beneficiaries and heirs.

12. W. M. Gore and wife, on *19 April 1922,* for and in consideration of $100 paid to them by Geo. W. Walker, sold and conveyed to Geo. W. Walker the minerals in controversy in this case, such royalty deed being recorded in Vol. 59, pages 355 and

356 of the Deed Records of Leon County, Texas.

13. Thereafter on 26 July 1922, for and in consideration of $1000 paid by J. A. Helfrich to Geo. W. Walker, Walker signed and delivered to Helfrich the following conveyance and transfer, to-wit:

"In consideration of $1000, receipt of which is hereby acknowledged, I hereby sell and transfer to J. A. Helfrick the accompanying royalty deed of fifty acres of the land of W. M. and Sady Gore of Leon County, Texas."

"Dated at Paris, Illinois, this 26 day of July, 1922.

"Geo. W. Walker"

(There follows an acknowledgment before a Notary Public).

which said transfer, together with the Notary's certificate attached, were filed for record and recorded on August 28, 1922, in Vol. 59, page 355 of the Deed Records of Leon County, Texas.

14. That on said July 26, 1922, at the time the said Geo. W. Walker executed and delivered the above transfer, and as a part of the same transaction, he also delivered to the said J. A. Helfrich the then unrecorded royalty deed dated April 19, 1922, from W. M. Gore and wife, Sady Gore, to Geo. W. Walker, now of record in Vol. 59, pages 355, 356, of the Deed Records of Leon County, Texas.

15. George W. Walker, by said transaction set out in Nos. 13 and 14 above, for the consideration of $1,000 paid to him by J. A. Helfrich therefor, intended to, and did, sell to the said J. A. Helfrich, and J. A. Helfrich, inteded to purchase, and did purchase, from the said Geo. W. Walker all of the ½ of the oil, gas, and other minerals described in and covered by said royalty deed dated April 19, 1922, from W. M. Gore and wife, Sady Gore, to Geo. W. Walker.

16. Said royalty deed dated April 19, 1922, from W. M. Gore and wife, Sady

Gore, to Geo. W. Walker did accompany said transfer dated July 26, 1922, from Geo. W. Walker to J. A. Helfrich; and such royalty deed is the identical royalty deed referred to in said transfer to J. A. Helfrich as "the accompanying royalty deed of 50 acres on the land of W. M. Gore and Sady Gore of Leon County, Texas."

17. On August 28, 1922, J. A. Helfrich preserved both vital muniments of his title by filing for record with the County Clerk of Leon County, Texas, both of said muniments of title, to-wit: the royalty deed dated April 19, 1922, from W. M. Gore and wife, Sady Gore, to Geo. W. Walker, recorded in Vol. 59, pages 355 and 356, and the conveyance and transfer dated July 26, 1922, from Geo. W. Walker to J. A. Helfrich, recorded in Vol. 59, page 355, both in the Deed Records of Leon County, Texas.

18. On said date of August 28, 1922, the County Clerk of Leon County, Texas, duly recorded both of said documents in the Deed Records of Leon County, Texas. He recorded the transfer from Geo. W. Walker to J. A. Helfrich, described above, together with the Notary's certificate attached, on page 355 of Vol. 59; and immediately thereafter and following such recordation, and beginning on the same page, and continuing on the following page, 356, of said Vol. 59, he recorded the royalty deed from W. M. Gore and wife, Sady Gore, to Geo. W. Walker, described above. That is, the County Clerk of Leon County, Texas, recorded both of said documents together, one immediately following the other, without any intervening recordation.

19. On August 29, 1922, after the recordation of the two documents set out above, the County Clerk of Leon County, Texas, returned both of said recorded documents by mail to J. A. Helfrich, Paris, Illinois.

20. The transfer dated July 26, 1922, from Geo. W. Walker to J. A. Helfrich,

together with the Notary's certificate, are genuine; that said transfer and said Notary's certificate are each ancient documents; that they each have been in existence for more than 30 years prior to the trial of this law suit; that said transfer and Notary's certificate have been recorded in the Deed Records of Leon County, Texas, for more than 30 years prior to the trial of this case and the same are ancient records. Although defendants pleaded forgery, no evidence of forgery was offered.

21. I find that in Case No. 7505, styled W. D. Recknor v. W. M. Gore, et al., filed in the District Court of Leon County, Texas, in 1939, W. D. Recknor sued Geo. W. Walker, J. A. Helfrich, and W. M. Gore, the said W. D. Recknor claiming that the deed from Gore et ux. to Geo. W. Walker, of date April 19, 1922, and of record in Vol. 59, page 355, Deed Records of Leon County, Texas, was a forgery, this being one of the deeds in plaintiffs' chain of title and under which the plaintiffs claim. In this suit, J. A. Helfrich filed a cross-action against Geo. W. Walker, asking that if the deed from Gore et ux. to Walker was found to be a forgery, that he recover of and from the said Walker the $1,000 he paid Walker for the mineral interest in litigation in this suit. The jury found that the deed was not a forgery, and the court entered judgment denying to the plaintiff Recknor all relief sought, and the cross-plaintiff Helfrich was denied any relief on his cross-action. The said J. A. Helfrich only asked relief on his cross-action in case the deed from Gore et ux. to Walker was found to be a forgery. The defendants in this case (being 3531) claim this mineral interest as heirs and/or legal representatives of Geo. W. Walker, this being the same Geo. W. Walker involved in Cause No. 7505. The issue of the sufficiency of the deed from Geo. W. Walker to J. A. Helfrich was in this case, to-wit, No. 7505, and was in fact settled in this law suit, it being put in issue when Geo. W. Walker filed his answer, consisting of a general de-

murrer and a general denial, to the cross-action of J. A. Helfrich, and being disposed of in the judgment in said cause. Had the deed not been sufficient from Walker to Helfrich then the said Helfrich would have recovered the $1,000 paid Walker therefor. The heirs and/or legal representatives of Geo. W. Walker would be bound by the acts and conduct of Geo. W. Walker.

## Conclusions of Law

"1. The title of plaintiffs to the mineral interest in litigation is good in said plaintiffs out of the common source, the description in the conveyance to the said J. A. Helfrich being sufficient by reference to another royalty deed where same was described and identified. And the title of said plaintiffs out of said common source is superior to the title of defendants out of said common source.

"2. The matters in litigation in this cause were litigated in Cause No. 7505, styled W. D. Recknor vs. W. M. Gore et al. in the District Court of Leon County, Texas, wherein the same land was involved, the same parties and/or their heirs or beneficiaries were before the court, and the same issues were passed on and decided. AND the judgment and decision in said Cause No. 7505 is res judicata of the matters and issues raised by defendants in this cause, and have heretofore been decided in said Cause No. 7505.

"3. Further, the acts and conduct of the said Geo. W. Walker in said Cause No. 7505, styled W. D. Recknor vs. W. M. Gore et al. in the District Court of Leon County, Texas, were such as to estop Geo. W. Walker, his heirs and/or legal representatives, from asserting any claim to the mineral interest involved in this suit, and said heirs and/or legal representatives are now estopped from asserting any claim thereto."

(We think the trial court's Conclusions of Law are in accord with the doctrine announced in Grimes v. Maynard, Tex.Civ.

App., 270 S.W.2d 282, writ refused, writ certiorari refused 349 U.S. 904, 75 S.Ct. 580, 99 L.Ed. 1241; and the authorities there collated.)

The substance of defendants' contentions in their six points is: 1) that the transfer from Geo. W. Walker to J. A. Helfrich is insufficient to incorporate the deed from Gore and wife to Walker; 2) the take nothing judgment in 1939 against Helfrich on his cross-action bars his heirs to recover in this case; 3) the evidence is insufficient to sustain and support the trial court's Findings of Fact.

 We have very carefully considered this record, and conclude that the transfer dated July 26, 1922, executed by Geo. W. Walker to J. A. Helfrich, when considered in connection with the royalty deed to which it refers, not only conveys that instrument, but also all of the oil, gas and other minerals and interests described in and conveyed by such royalty deed dated April 19, 1922, from W. M. Gore and wife to Geo. W. Walker. We further hold that the judgment in Cause No. 7505, Recknor v. Gore et al., is res judicata of the title to the minerals in controversy here in plaintiffs. In this connection, defendants' contention that because there was a take nothing judgment entered against J. A. Helfrich on his cross-action, that such is res judicata against plaintiffs' asserting title to the minerals in controversy, is untenable. J. A. Helfrich only asked for a return of his $1,000 if the deed from Gore and wife to Walker be found a forgery. We further conclude that the evidence is ample to sustain the trial court's Findings of Fact, and that the trial court's Conclusions of Law are correct.

All of defendants' points and the contentions thereunder made are overruled, and the judgment of the trial court is affirmed.

HALE, J., took no part in the consideration and disposition of this case.